UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERERICA STEEL<br><br>VS<br><br>IBERIABANK CORPORATION | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE WESTERN DISTRICT OF LOUISIANA:

Defendant, First Horizon Bank, successor by merger to IBERIABANK (incorrectly named herein as IBERIABANK Corporation)[1] ("FHB"), by and through its undersigned counsel, hereby respectfully files this Notice of Removal, and, to the extent required, reserves any and all rights, objections, defenses, and exceptions, including, but not limited to, the defenses of lack of personal jurisdiction, failure to state a claim, standing, prematurity, and improper venue.

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

1.  Plaintiff commenced this action by filing a Petition for Damages ("Petition") entitled "*Jererica Steel vs. IBERIABANK CORPORATION,*" on October 13, 2020 in the 15th

---

[1] On July 2, 2020, IBERIABANK Corporation, the parent company of IBERIABANK (Plaintiff's employer) merged with First Horizon National Corporation, the parent company of First Horizon Bank.

Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing Docket No. C20204963F.

2. Service of the Petition was made on FHB's registered agent, CT Corporation System, on November 4, 2020.

3. This Notice of Removal is timely filed within 30 days of the date on which FHB was served with a copy of the Petition.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all known pleadings, including process and orders served on FHB, are attached as **Exhibit 1**.

### Diversity of Citizenship Jurisdiction

5. Removal in this case is proper because this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1). The parties are citizens of different states, and the substantive allegations of Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a citizen of Louisiana. Petition, pg. 1.

7. FHB is a Tennessee banking corporation with its principal place of business in Memphis Tennessee. It is therefore a citizen of Tennessee and was not a citizen of Louisiana at the time of removal or at the time suit was filed.

8. Accordingly, diversity of citizenship exists.

9. Where removal is based on diversity of citizenship and the initial pleading seeks a monetary judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

10. It is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff alleges that she made a complaint with "Human Resource" [sic] and was then subjected to a "retaliatory discharge" in October of 2019. Petition, Paras. II and III.[2]

12. Plaintiff does not state a specific amount of damages. Rather, Plaintiff seeks all damages that the Court "deems reasonable and proper, together with legal interest, from judicial demand, until paid; plus all costs of these proceedings, and for any further and other legal and equitable relief as the Court deems necessary and proper." Petition, Para. VI.

13. Plaintiff was earning approximately $39,000 per year when she was discharged in October of 2019. *See* Declaration of Yvette Rowell, attached as **Exhibit 2**. Thus, if the case proceeds to trial in July of 2022, approximately eighteen months from when FHB was served with the Petition – Plaintiff's lost wages alone could be approximately $58,500. *See James v. Malveaux*, 2017 U.S. Dist. LEXIS 54587, *5-7 (W.D. La. Mar. 24, 2017) (when analyzing whether the amount in controversy of met, it was appropriate to consider one to two years of back pay to represent time from discharge to trial).

14. Based on her Prayer for all other "legal and equitable relief," it appears that Plaintiff is seeking not only back pay but also front pay. For purposed of ascertaining whether the amount in controversy is met, it is "reasonable" to assume three years of front pay as Louisiana courts "have awarded front pay for time period from eighteen months to five years." *See James*, 2017 U.S. Dist. LEXIS 54587, *7-8. *See also*, *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990) (awarding give years of front pay). Accordingly, using three years of

---

[2] First Horizon assumes solely for the purposes of this removal that Plaintiff is attempting to state a claim under Section 23:303 of the Louisiana Employment Discrimination Law.

front pay as a benchmark, Plaintiff's front pay claim would be valued at approximately $117,000.

15. Therefore, Plaintiff's alleged economic damages alone, without any consideration of her request for compensatory damages and costs/attorneys' fees, would be approximately $156,000-$175,000[3].

16. Accordingly, FHB has demonstrated that this matter meets the amount in controversy requirement for removal of this action.

17. "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938), *and also quoting Associacion National v. Dow Quinicade Columbia*, 988 F.2d 559, 564 (5th Cir. 1993).

18. By Plaintiff's own allegations and demand for damages, the amount in controversy requirement of 28 U.S.C. § 1332 is more than satisfied as demonstrated above.

19. The 15th Judicial District Court for the Parish of Lafayette is located within the territorial limits of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(a). Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certify that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette.

---

[3] Attorneys' fees are also included in determining the jurisdictional amount when a statute, such as La.R.S. 23:303, authorizes the recovery of attorneys' fees. *Miller v. Am. Gen. Fin. Servs.*, 2002 U.S. Dist. LEXIS 6805, *9 (E.D. La. Apr. 11, 2002), *accord, Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1991).

**WHEREFORE**, FHB prays that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 15th Judicial District Court for the Parish of Lafayette to this Honorable Court.

Dated: November 18, 2020                    Respectfully submitted,


/s/ ___Tracy E. Kern_____
Tracy E. Kern, Esq.
Louisiana Bar No.: 20246
Jones Walker LLP
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170
Telephone:  (504) 582-8134
Facsimile: (504) 589-8134
Email: tkern@joneswalker.com

**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

      I hereby certify on that on November 18, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following: La'Derical D. Wagner, 111 French Street, New Iberia, LA 70560; Email: l.wagner@ladericalwagner.com, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: N/A

                                          /s/ ___*Tracy E. Kern*_____
                                                 Tracy E. Kern

{M1776798.1}

6