UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JERERICA STEEL** | **CASE NO.  6:20-CV-01474** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **IBERIABANK CORP** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) filed on behalf of Defendant, First Horizon Bank, successor by merger to IBERIABANK.[1] (Rec. Doc. 4). Plaintiff failed to file an opposition. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that First Horizon's Motion to Dismiss be granted.

---

[1] According to Defendant, IBERIABANK Corporation, parent company of Plaintiff's employer, merged with First Horizon National Corporation, parent company of First Horizon Bank in July 2020. Plaintiff filed suit against IBERIABANK Corporation in October 2020. The Court shall refer to Defendant as First Horizon.

**Factual Background**

Plaintiff filed this suit in state court against her employer IBERIABANK on October 8, 2020. (Rec. Doc. 1-1). She seeks damages "based upon retaliatory discharge." She alleges that she was terminated on October 10, 2019 after an October 2, 2019 incident involving a manager, Nicole Goodwin, in which Ms. Goodwin allegedly criticized Plaintiff's telephone interaction with a customer. According to the Petition, Plaintiff filed a complaint with Human Resources the next day, but she was "written up" and thereafter terminated on October 10, 2019 due to insubordination. (Rec. Doc. 1-1, ¶II). She alleges that she was terminated as a result of her reporting Ms. Goodwin. (Rec. Doc. 1-1, ¶III). Defendant removed to this Court in November 2020 based on 28 U.S.C. §1332. (Rec. Doc. 1).

First Horizon filed the instant Motion to Dismiss on the grounds that Plaintiff has failed to state a claim for retaliatory discharge under Title VII and the Louisiana Employment Discrimination Law (LEDL), that she failed to exhaust her administrative remedies under Title VII, and that she failed to satisfy the notice requirements of the LEDL. Plaintiff did not oppose First Horizon's Motion.

**Law and Analysis**

I.  **Law Applicable to F.R.C.P. Rule 12(b)(6).**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the

pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. Whether Plaintiff stated a Title VII claim.

First Horizon contends Plaintiff's claim for "retaliatory discharge" should be analyzed under the Title VII framework. Absent objection from Plaintiff, the Court agrees. "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). "An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Long v. Eastfield Coll.,* 88 F.3d 300, 304 (5th Cir. 1996); *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003)

The Court agrees with First Horizon that Plaintiff's Petition is devoid of any factual allegations suggesting that she participated in any activity protected by Title VII and that she was terminated because of such protected activity. Plaintiff alleges only that she filed a complaint with Human Resources about an incident involving a manager in which the manager, Ms. Goodwin, allegedly criticized her handling of a customer phone call. (Rec. Doc. 1-1, ¶II). These facts, even if assumed true, do not suggest that Plaintiff engaged in any protected activity, such as complaining about

4

race, color, religion, sex, or national origin discrimination. See e.g. *Brown v. United Parcel Serv., Inc.,* 406 F. App'x 837, 840 (5th Cir. 2010). As such, these factual allegations do not establish a *prima facie* case under Title VII. Thus, the Court recommends that Plaintiff's Title VII claims be dismissed.

### III. Whether Plaintiff satisfied pre-suit requirements.

First Horizon next seeks dismissal of Plaintiff's claims for failure to exhaust administrative remedies and for failure to comply with requirements for pre-suit notice under the LEDL. As a precondition to filing suit under Title VII, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the appropriate agency, EEOC in this case. The Fifth Circuit summarized the applicable law as follows:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.

*Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir. 2002) (citations and internal quotations omitted).

Similarly, under the Louisiana Employment Discrimination Law (LEDL), set forth in La. R.S. 23:301 *et seq*, a plaintiff is authorized to bring a civil suit for alleged

discrimination under the chapter against an employer, employment agency, or labor organization. La. R.S. 23:303(A). The statute sets forth the following notice provision:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. 23:303(C).

"Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies this notice requirement, but limits the state claim to the alleged discrimination detailed in the EEOC charge[.]" *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 700 (W.D. La. 2011), citing cases. Absent compliance with the notice provision, or the filing of an EEOC complaint with equivalent information, a discrimination suit is procedurally barred by the LEDL. *Simpson-Williams v. Andignac*, 2004-1539 (La. App. 4 Cir. 4/20/05), 902 So. 2d 385, 388.

The Court agrees with First Horizon that Plaintiff's Petition contains no allegations that she complied with the administrative procedures mandated by Title VII or the LEDL's pre-suit notice requirements. Accordingly, the Court recommends that Plaintiff's claims be dismissed on these grounds.

### IV. Opportunity to amend.

A court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The Court finds that it would be inequitable to dismiss Plaintiff's complaint without allowing her an opportunity to amend the Petition.

### Conclusion

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss (Rec. Doc. 4) be GRANTED. The Court further recommends that

Plaintiff be given fifteen (15) days to amend her Petition in order to state claims as discussed herein.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of January, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE