UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JERERICA STEEL** | **CASE NO. 6:20-CV-01474** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **IBERIABANK CORP.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING

On January 12, 2021, the United States Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court grant Defendant IBERIABANK's Motion to Dismiss for failure to state a claim. [ECF Nos. 9, 4]. Plaintiff filed no opposition to the Motion to Dismiss, nor did she file any objections to the R&R.

The court agrees with the Magistrate Judge's analysis and adopts the R&R with the following exception: the Court DENIES leave to amend the Complaint. The Fifth Circuit has instructed that "[g]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quoting *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir.1977). However, in *Great Plains*, the court affirmed the district court's denial of leave to amend because the plaintiff did not formally request leave to amend in the plaintiff's opposition to the motion to dismiss. In the present case, as in *Great Plains*, the plaintiff never requested leave to amend. Moreover, the plaintiff here also did not oppose the motion to dismiss and did not file an objection to the R&R. Under these circumstances, it appears that the plaintiff has pleaded her best case and that denial of leave to amend is appropriate. *See* Fed. R. Civ. P. 15(a); *see also U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375,

387 (5th Cir. 2003); *Wentzell v. JPMorgan Chase Bank, Nat. Ass'n*, 627 Fed.Appx. 314, 319 (5th Cir. 2015); *Melancon v. Carnival Corp.*, 20-30217, 2020 WL 6572574, at *5 (5th Cir. Nov. 6, 2020).

Having reviewed the pleadings, file, record, and R&R, the court determines that the findings and conclusions of the Magistrate Judge are correct as supplemented and modified herein, and accepts them as those of the court. Accordingly, the court will grant Defendant's Motion to Dismiss by separate Judgment.

THUS DONE in Chambers on this 10th day of February, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE